IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


TRUSTEES OF INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 132
HEALTH AND WELFARE FUND,
TRUSTEES OF INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 132
PENSION FUND,
TRUSTEES OF INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 132
APPRENTICESHIP FUND,
TRUSTEES OF INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 132
ANNUITY AND SAVINGS FUND and
INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 132, AFL-CIO,

      Plaintiffs,

v.                                             Civil Action No. 5:14CV118
                                                             (STAMP)
BROWN'S EXCAVATING, INC.
and ERIC K. BROWN,

      Defendants,

and

BROWN'S EXCAVATING, INC.,

      Third-Party Plaintiff,

v.

INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 18 and
OHIO OPERATING ENGINEERS FRINGE
BENEFITS FUND,

      Third-Party Defendants.


**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS</u>**

## I.  Procedural History

The Trustees of International Union of Operating Engineers Local 132 Health and Welfare Fund, Trustees of International Union of Operating Engineers Local 132 Pension Fund, Trustees of International Union of Operating Engineers Local 132 Apprenticeship Fund, Trustees of International Union of Operating Engineers Local 132 Annuity and Savings Fund, and International Union of Operating Engineers, Local No. 132, AFL-CIO ("the plaintiffs") filed a lawsuit in this Court pursuant to the Labor Management Relations Act ("LMRA") and Employee Retirement Income Security Act ("ERISA"). The plaintiffs allege that they are beneficiaries of collective bargaining agreements between the defendants, Brown's Excavating and its owner, Eric K. Brown, ("the Browns"), and the International Union of Operating Engineers, West Virginia Local 132 ("Local 132").  The plaintiffs allege that the Browns failed to submit contributions to the plaintiffs in a timely manner in breach of the collective bargaining agreements.  Thereafter, the Browns filed a third-party complaint against the Ohio Operating Engineers Fringe Benefit Fund ("Ohio Fund").  In that complaint the Browns allege that if they are found liable for the allegations above, that is only so because of a proper course of dealing between the Ohio Fund, the plaintiffs, and the Browns wherein the Browns would pay contributions to the Ohio Fund rather than the plaintiffs depending on the location of the union with which an employee identified (if

the union was in West Virginia, the plaintiffs, if the union was in Ohio, the Ohio Fund). The Ohio Fund has filed a motion to dismiss the third-party complaint. That motion is fully briefed and ripe for review.

## II. Facts

In its motion, the Ohio Fund argues that the Browns have failed to assert that a specific provision of a given contract was violated and thus the third-party complaint is insufficient pursuant to Iqbal.[1] Specifically, the Ohio Fund argues that the Browns do not allege (1) the obligations of the parties, (2) a breach by the Ohio Fund, (3) that an agreement existed under which the Ohio Fund would indemnify the Browns in the event of a delinquent contribution lawsuit brought by the plaintiffs, or (4) any facts that would entitle the Browns to damages from the Ohio Fund. Additionally, the Ohio Fund contends that the Browns are asserting a course of dealing/course of performance defense which is prohibited in ERISA delinquent contribution proceedings. The Ohio Fund adds that this same defense, brought as a claim in the

---

[1] Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). These two cases stand for the proposition that in order to sustain a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must contain "more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. The Court will refer to these two cases in tandem throughout this order. However, the Court will not give a full citation each time.

third-party complaint, is an attempt to supersede ERISA through state law claims and thus it is preempted for that reason as well.

Finally, the Ohio Fund argues that the Browns cannot attempt to characterize their claim as one for indemnification or contribution. The Ohio Fund contends that the Browns have failed to allege any facts showing any contractual obligation on the part of the Ohio Fund to indemnify the Browns for fringe benefits they may owe the plaintiffs. In addition, the Ohio Fund asserts that the Browns' claim is not cognizable under ERISA as ERISA does not support contribution or indemnification claims.

The Browns first indicate that they are a signatory to a collective bargaining agreement with the Local 132 and Ohio Union Local 18, which governs matters relating to the plaintiffs and the Ohio Fund. Further, the Browns indicate that all parties, including the Ohio Fund, have had a course of dealing for at least twenty years wherein the Browns had made contributions for an employee's fringe benefits to the local chapter of the International Union of Operating Engineers ("IUOE") to which the employee was a member depending on geographical locale. The Browns further aver that although the Browns were supposed to make certain contributions to the plaintiffs, they would forward contributions attributable to those employees who lived in Ohio to the Ohio Fund. The Browns argue that now the plaintiffs are asserting that the Browns are delinquent even though those funds were paid to the Ohio

Fund in accordance with the course of dealing between the parties. Thus, the Browns contend that of the $48,270.08 that should have been paid to the plaintiffs (over the time complained of in the plaintiffs' complaint), $36,843.07 was paid to the Ohio Fund instead. Accordingly, the Browns argue that they asserted the third-party claims because the funds that should have been contributed to the plaintiffs were paid to the Ohio Fund.

Thus, the Browns contend that they have asserted a viable claim based on a course of dealing and equitable principles. The Browns assert that an employer has a right to contribution for mistakenly paid funds to a trust fund. Further, the Browns argue that under <u>Harris Trust and Saving Bank v. Salomon Smith Barney, Inc.</u>, 530 U.S. 238 (2000), they have standing to assert claims for equitable restitution under § 502(a) of ERISA which the Browns argue is the basis of their claim in their complaint.

Additionally, the Browns contend that their state law based claim for contribution and/or indemnification is not preempted as neither the United States Supreme Court nor the United States Court of Appeals for the Fourth Circuit have directly addressed the issue. The Browns argue that the circuit courts are currently split. However, the Browns assert that the courts finding non-preemption are correct as they coincide with existing Fourth Circuit precedent.

The Browns contend that their claim of indemnification does not fall within the three categories of preempted claims identified by the Fourth Circuit in Coyne & Delany Co. v. Selman, 98 F.3d 1457 (4th Cir. 1996). In support, the Browns cite cases from district courts in Ohio and Illinois, Meznarich v. Morgan Waldron Ins. Management, No. 1:10cv2532, 2012 WL 2367268 (N.D. Ohio June 21, 2012), and Aetna Cas. and Surety Co. v. William M. Mercer, Inc., 173 F.R.D. 235 (N.D. Ill. 1997), that applied Coyne to find that a plaintiff's claims were not preempted by ERISA. Further, the Browns argue that the case cited by the Ohio Fund is distinguishable as Operating Engineers Local No. 49 Health & Welfare Fund v. Ronglien Excavating, Inc., No. CIV. 09-65 DWF/RLE, 2009 WL 2568611 (D. Minn. Aug. 18, 2009), is contrary to Coyne.

In reply, the Ohio Fund first argues that this Court should not consider the exhibit attached to the Browns' response as it is evidence outside of the pleadings. Additionally, the Ohio Fund contends that the Browns are trying to make a new claim under § 403 or § 1103 which was not made in the third-party complaint. However, the Ohio Fund asserts that even if the claim was correctly made, it cannot stand because § 403 does not provide an employer with an implied right of action for the return of contributions mistakenly paid to trust funds. The Ohio Fund argues that this Court should find as such given the United States Court of Appeals for the Eleventh Circuit's finding in Dime Coal Co. v. Combs, 796

F.2d 394 (11th Cir. 1986), rather than considering the United States Court of Appeals for the Ninth Circuit's case cited by the Browns, Award Service, Inc. v. Northern California Retail Clerks Unions & Food Employers Joint Pension Fund, 763 F.2d 1066 (9th Cir.), as Dime Coal correctly considers the legislative intent of § 403. Additionally, the Ohio Fund contends that § 1103 does not provide relief as the Browns have not pleaded that a demand was made to the Ohio Fund for the return of the alleged overpayments within six months of their knowledge of such overpayments or that if a demand was made, the Ohio Fund arbitrarily and capriciously refused to repay the mistaken contributions. Finally, as to § 403 and § 1103, the Ohio Fund argues that the Browns' claim fails as they have not pleaded that a mistake has occurred.

As to the Browns' § 502 claim, the Ohio Fund asserts that the Browns cannot make such a claim as they are not a participant, beneficiary, or a fiduciary, and thus lack standing. Further, the Ohio Fund argues that the Browns misconstrue Harris Trust as its concern was identifying the proper defendant in a § 503 ERISA case, not inventing a new proper plaintiff. As to the Browns' arguments regarding Coyne, the Ohio Fund contends that Coyne does not preclude a finding that the state law claim is preempted. The Ohio Fund asserts that Coyne used the phrase "at least" when discussing the three preemption categories which leaves those categories open. Further, the Ohio Fund argues that the Fourth Circuit found that

the state law malpractice claim in <u>Coyne</u> was not preempted not because it was a contribution/indemnification claim but rather because it did not relate to an employee benefit plan. Finally, the Ohio Fund reiterates its argument that the Browns' course of dealing/course of performance claim is preempted under ERISA as they are not cognizable defenses.

### III. <u>Applicable Law</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. <u>Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.</u>, 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" <u>Id.</u> at 143-44 (quoting <u>Johnson v. Mueller</u>, 415 F.2d 354, 355 (4th Cir. 1969)); <u>see also</u> <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure

8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 663-666.

## IV.  Discussion

Initially, this Court notes the Ohio Fund's argument that the Browns' attachment to its response to the motion to dismiss should not be considered.  However, given this Court's findings below, this Court finds that even if it considers the attachments, the motion to dismiss should still be granted.  Thus, this Court declines to make a finding regarding that argument.

For the reasons that follow, this Court finds that the third-party defendant's motion to dismiss is granted.

## A.  Applicability of § 403

In their response to the motion to dismiss, the Browns argue that they have an implied right of action under ERISA § 403(c)(2)(A)(ii), 29 U.S.C. § 1103(c)(2)(A)(ii), pursuant to Award Services.  The Browns argue that they were mistaken in law or fact because of the course of dealing that had been established between the parties.  Further, the Browns argue that neither the plaintiffs nor the Ohio Fund questioned the contribution until the

complaint was filed by the plaintiffs.  Thus, the Browns assert that they have a legitimate § 403 claim against the Ohio Fund.

The Ohio Fund argues first that the third-party complaint is devoid of a claim for mistaken contributions under § 403 and thus the claim should not be considered.  Further, the Ohio Fund asserts that even if the third-party complaint contains such an allegation, it fails because under § 403, the return of funds is left to the discretion of the plan administrator and does not prohibit or require the Ohio Fund to return the funds.  Thus, the Ohio Fund must first be given an opportunity to determine whether there was a mistake.  The Ohio Fund also asserts that <u>Award Services</u> is inapplicable and flawed and that there is not an implied right of action for the Browns.  Additionally, the Ohio Fund avers that the Browns have failed to show that they made a § 403 demand on the Ohio Fund, that a failure to return the contributions was arbitrary and capricious and inequitable, or that a mistake of fact or law has occurred because the Browns are still maintaining that their actions were proper because of the course of dealing.

Section 403 holds, in pertinent part, that:

(2)(A) In the case of a contribution, or a payment of withdrawal liability under part 1 of subtitle E of subchapter III of this chapter--
    (ii) if such contribution or payment is made by an employer to a multiemployer plan by a mistake of fact or law (other than a mistake relating to whether the plan is described in section 401(a) of Title 26 or the trust which is part of such plan is exempt from taxation under section 501(a) of Title 26), paragraph

10

> (1) shall not prohibit the return of such
> contribution or payment to the employer within
> 6 months after the plan administrator
> determines that the contribution was made by
> such a mistake.

29 U.S.C. § 1103(c)(2)(A)(ii). Without considering whether or not § 403 actually creates an implied right of action,[2] this Court still finds that the Browns' claim under § 403 fails. The Fourth Circuit has held that Congress has provided "the plan administrator with discretion to determine in the first instance (1) whether a given contribution was actually the result of a mistake and (2) whether a mistaken contribution should be returned to the contributing employer." United States Foodservice, Inc. v. Truck Drivers & Helpers Local Union, 700 F.3d 743, 748 (4th Cir. 2012) (citing Chao v. Malkani, 452 F.3d 290, 297 (4th Cir. 2006)). Such a review, when made, is subject to review under an abuse of discretion standard and should be upheld "unless arbitrary or capricious, not supported by substantial evidence, or erroneous on a question of law." Id. (citation omitted). Thus, "the risk of mistaken contributions should rest largely with the employer." Id.

---

[2]There is a circuit split as to whether a contributing employer has an implied right of action under § 403. Award Services, 763 F.2d at 1068-69 (finding that there is an implied right of action for a contributing employer under § 403); contra Dime Coal, 796 F.2d at 400 (finding no implied right of action); Whitworth Bros. Storage Co. v. Cent. States, Se. & Sw. Areas Pension Fund, 794 F.2d 221, 233 (6th Cir. 1986)(same as Dime Coal); Crown Cork & Seal Co. v. Teamsters Pension Fund of Philadelphia & Vicinity, 720 F.2d 661 (3d Cir. 1983)(same as Dime Coal). However, this Court may decide this issue without answering such a question.

(internal quotation omitted). As such, it is for the plan administrator, not this Court, to determine whether a contribution was made by mistake and, "if so, whether it should be returned to the contributing employer." Id.

In this case, the Browns have not alleged in their complaint that they have fulfilled the initial requirements of § 403 as set out in United States Foodservice. The Browns have not alleged that they provided the Ohio Fund with the opportunity to consider whether the contributions the Browns made to it were made by mistake of fact or law. See Trustees of the Operating Engineers Health and Welfare Trust Fund for Northern California, et al. v. Precision Crane Services Inc., No. C07-05323, 2008 WL 1817297, at *2-3 (N.D. Cal. Apr. 22, 2008) (adopting Award Services but finding that contributing employer must first request that multi-employer plan determine whether a mistake has been made). Further, the Browns have not alleged that in addition to such a request being made to the Ohio Fund, that the Ohio Fund refused to return the contributions arbitrarily, capriciously, without support of substantial evidence, or erroneously. United States Foodservice, 700 F.3d at 748. As such, the third-party complaint fails to make a claim upon which relief can be granted even if this Court were to find that the Browns had an implied right of action under § 403. The factual allegations contained in the third-party complaint are not "enough to raise a right to relief [under § 403] above the

speculative level." <u>Twombly</u>, 550 U.S. at 555; <u>see also</u> <u>Iqbal</u>, 556 U.S. at 663-666.

B.  <u>Equitable Restitution under ERISA § 502</u>

The Browns argue that they have made a cognizable claim for equitable restitution pursuant to ERISA § 502(a)(3).  29 U.S.C. § 1132(a).  The Browns note that <u>Harris Trust</u> described what entities are proper defendants under a § 502 claim and that fiduciaries of an ERISA plan have standing.  Thus, the Browns assert that they may bring their claims under this section as the Ohio Fund was a knowing participant in the Browns' contribution practices and thus is a proper defendant.

The Ohio Fund asserts that the Browns may not assert a claim under § 502(a)(3) because the Browns are an employer and not "a participant, beneficiary, or fiduciary" of the plan.  The Ohio Fund argues that the Browns misconstrue <u>Harris Trust</u> in that <u>Harris Trust</u> dealt with what a proper defendant is, not what a proper plaintiff is under this section.

Section 502(a)(3) authorizes a "participant, beneficiary, or fiduciary" of a plan to bring a civil action to obtain "appropriate equitable relief" to redress violations of ERISA Title I.  <u>Harris Trust</u>, 530 U.S. at 241.  The Supreme Court has held that this section may be used to bring an action against a nonfiduciary "party in interest" who engaged in a transaction barred by § 406(a).  <u>Id.</u> (§ 406(a) lists certain actions that may not be

13

undertaken in regard to an ERISA plan). However, the question in this case is whether the Browns are proper plaintiffs and may bring such an action against the Ohio Fund. Thus, because <u>Harris Trust</u> dealt with the question of what entities may be proper defendants, this Court must focus elsewhere.

In order to be proper plaintiffs, the Browns must be either a "participant, beneficiary, or fiduciary" of the plan at issue. <u>Id.</u> The Browns are clearly not a participant or beneficiary of the plan at issue and thus must fall under the definition of a fiduciary.

Section 3(21)(A) of ERISA defines a person as a fiduciary of an ERISA plan to the extent that he:

> (i) [E]xercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). A party's "status as [an] employer[ ], standing alone, is not enough to confer fiduciary status." <u>Id.</u> (citing <u>Siskind v. Sperry Retirement Program</u>, 47 F.3d 498, 505 (2d Cir. 1995) ("An employer acts as a fiduciary within the meaning of ERISA . . . only when fulfilling certain defined functions . . . ."); <u>Barnes v. Lacy</u>, 927 F.2d 539, 544 (11th Cir. 1991) ("Generally, employers owe no fiduciary duty toward plan beneficiaries under the ERISA."); <u>Gelardi v. Pertec Computer Corp.</u>,

14

761 F.2d 1323, 1325 (9th Cir. 1985) ("Once [employer] appointed the Plan Administrator and gave him control over the Plan, [employer] was no longer a fiduciary because it retained no discretionary control over the disposition of claims.")). As such, in order for a plaintiff to have standing as a fiduciary it "must point to something about the [employer's] relationship to the Fund[ ] that indicates authority or control over the management or disposition of a plan asset." In re Luna, 406 F.3d 1192, 1205 (10th Cir. 2005).

The third-party complaint is devoid of any indication as to why the Browns should be considered a fiduciary other than the fact that the Browns are a contributing employer. See contra Coyne, 98 F.3d at 1465 (finding an employer was a fiduciary where the employer had the additional responsibility of monitoring the plan administrator and supervisor and the ability to remove the plan administrator and supervisor). Further, the Browns do not address why they are proper plaintiffs in their briefing of the motion to dismiss. Rather, the Browns focus on why the Ohio Fund is a proper defendant under § 502(a)(3). Thus, the third-party complaint fails to provide any factual allegations that would lead this Court to find that the Browns believe they are a fiduciary and thus may be proper plaintiffs under § 502(a)(3).

Further, the Court notes that the Tenth Circuit and Ninth Circuit have split on the question as to whether simply breaching

15

an agreement to pay contributions to a plan is enough to make an employer a fiduciary. The United States Court of Appeals for the Tenth Circuit has found that an employer is not a fiduciary simply because it breaches its contractual obligations to make contributions. In re Luna, 406 F.3d at 1202; contra N. California Retail Clerks Unions & Food Employers Joint Pension Trust Fund v. Jumbo Markets, Inc., 906 F.2d 1371, 1372 (9th Cir. 1990) (holding the opposite). However, the Browns have only stated in their third-party complaint that they had duties to pay contributions and that the Browns have properly paid such contributions according to a course of dealing between the parties. As such, the third-party complaint does not concede that the Browns have breached their agreement. Thus, even if this Court were to find the Ninth Circuit's finding more persuasive, which this Court does not, the Browns would still not qualify as a fiduciary.

Accordingly, the Browns have failed to state a claim under § 502(a)(3) upon which relief may be granted.

C.  Course of Dealing/Course of Performance Defense under ERISA

The Ohio Fund argues that the Browns' course of dealing/course of performance claim is not a cognizable defense under ERISA § 515. Further, the Ohio Fund asserts that because the Browns did not address this argument in their response to the motion to dismiss that the Browns have conceded that the course of dealing/course of performance claim is not a cognizable defense and is preempted.

16

ERISA § 515, 29 U.S.C. § 1145, is the product of Congress's need "to eliminate many contract defenses involving formation and course of performance that significantly complicated pension fund collection cases." Cement Masons' Pension Fund, Local 502 v. Dukane Precast, Inc., 822 F. Supp. 1316, 1320 (1993) (citing Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Service, Inc., 870 F.2d 1148, 1152-56 (7th Cir. 1989)). ERISA § 515 "prevents a court from giving force to oral understandings between union and employer that contradict the writings." Gerber, 870 F.2d at 1153. This is because "[d]efenses based on . . . [an] oral side agreement [or] course of performance . . . [are] defenses *most* likely to breed litigation even when asserted in good faith, and they create manifold opportunities for manipulation . . . ." Id. at 1154. Accordingly, a course of performance defense has "uniformly been disallowed." Massachusetts Laborers' Health & Welfare Fund v. Explosives Eng'g, Inc., 136 F.R.D. 24, 26-27 (D. Mass. 1991).[3] Only two defenses along this

---

[3]The United States District Court for the District of Massachusetts cited several cases supporting this proposition. Bituminous Coal Operators' Association, Inc. v. Connors, 867 F.2d 625, 634 (D.C. Cir. 1989) ("employer may not defend on the ground of union misconduct in negotiating the agreement"); Robbins v. Lynch, 836 F.2d 330, 334 (7th Cir. 1988) ("A claim that the union has promised not to collect a payment called for by the agreement is not a good answer to the trustees' suit."); Trustees of Laborers Local Union 800 v. Pump House, Inc., 821 F.2d 566, 568 (11th Cir. 1987) ("the defense of fraud in the inducement is unavailable as a defense to an action by employee benefit fund trustees to collect delinquent contributions"); Operating Engineers Pension Trust v. Cecil Backhoe Service, Inc., 795 F.2d 1501, 1507 (9th Cir. 1986)

line of argument have been recognized: "(1) that the pension contributions themselves are illegal, and (2) that the collective bargaining agreement is void (not merely voidable)." Benson v. Brower's Moving and Storage, Inc., 907 F.2d 310, 314 (2d Cir. 1990) (internal citations omitted).

In this case, the Browns have claimed that a course of dealing was established between the parties and thus their contributions were made properly according to that course of dealing. Further, the Browns allege that because of this course of dealing, the Ohio Fund is culpable as it participated in the scheme along with the Browns and the plaintiffs.

However, given the above, this Court cannot find that the Browns have made a proper claim in relying on its course of dealing argument. Such a contract defense has not been recognized as a cognizable ERISA defense. Further, the Browns have not made a claim in the third-party complaint under the two defenses that have been recognized. The Browns have not claimed that their contributions to the Ohio Fund were illegal nor have they claimed that the collective bargaining agreement is void. Id. Accordingly, the Browns have failed to assert a claim in their

---

("trust funds cannot, therefore, be estopped based on alleged actions or acquiescence of the union or its agents"); Southwest Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 775 (9th Cir. 1986), cert. denied, 479 U.S. 1065 (1987) ("The claim that a promise to make contributions was fraudulently induced is not a legitimate defense.").

third-party complaint upon which relief may be granted by this Court.

D.  State-Law Claim Under ERISA: Indemnification and Contribution

The Browns argue that according to the Fourth Circuit's holding in Coyne, their contribution and indemnification claims are not preempted under ERISA as those claims do not fall within the three categories of preempted state-law claims. The Ohio Fund asserts that Coyne's finding was not all-inclusive and that other state-law claims, other than the three specifically listed, are preempted under ERISA. Further, the Ohio Fund contends that even if the claims are not preempted, the third-party complaint fails to assert facts showing that a contract or other obligation required the Ohio Fund to indemnify the Browns for money they owed the plaintiffs.

ERISA preempts all state law claims that "relate to any employee benefit plan." 29 U.S.C. § 1144(a); ERISA § 514. A state law relates to a benefit plan "even if the law is not specifically designed to affect such plans, or the effect is only indirect." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990) (citation omitted). The policy underlying ERISA preemption is that state law claims should not proceed if they "threaten[ ] ERISA's objectives of 'protect[ing] . . . the interests of participants in employee benefit plans and their beneficiaries, . . . by establishing standards of conduct, responsibility, and obligation for

19

fiduciaries . . . and . . . by providing for appropriate remedies, sanctions, and ready access to the Federal courts.' 29 U.S.C. § 1001(b)." <u>Coyne</u>, 98 F.3d at 1470. Given these objectives,

> the Supreme Court has explained that Congress intended to preempt at least three categories of state law under § 514: (1) laws that mandate employee benefit structures or their administration, (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practices, and (3) laws that provide alternative enforcement mechanisms to ERISA's civil enforcement provisions. <u>Travelers</u>, 514 U.S. at 658-59, 115 S. Ct. 1671; <u>see also</u> <u>Coyne & Delany</u>, 98 F.3d at 1468. These three preemption categories are thus a guide for determining whether a particular state law relates to an ERISA plan.

<u>Darcangelo v. Verizon Commc'ns, Inc.</u>, 292 F.3d 181, 190 (4th Cir. 2002). The immediately preceding passage is relied upon by the Browns for their argument that their indemnification and contribution claims are not preempted.

The Ohio Fund, as a party seeking to use ERISA preemption as an affirmative defense to the Brown's state law claims, has the burden to prove the facts necessary to establish ERISA preemption. <u>Great-West Life & Annuity Ins. Co. v. Information Systems & Networks Corp.</u>, 523 F.3d 266, 270 (4th Cir. 2008).

The Browns cite two district court cases to support their argument that <u>Coyne</u> has limited preempted state law claims to the three categories cited above. However, this Court first notes that the <u>Coyne</u> court uses the term "at least" in describing the three categories. <u>Coyne</u>, 98 F.3d at 1468. Further, in a case that followed <u>Coyne</u>, the Fourth Circuit noted that those categories act

20

as "a guide." Darcangelo, 292 F.3d at 190. Accordingly, this Court cannot find that the language used by the Fourth Circuit in Coyne and Darcangelo was all inclusive.

This Court also finds that Meznarich and Aetna, the cases cited by the Browns, do not support a finding that the categories are all inclusive or that all indemnification and contribution claims are preempted. In Meznarich, the Court noted that the indemnification and contribution claims could not be preempted "wherein the plaintiffs sought contribution or indemnification for conduct that was shown to be unrelated to the Plan" because the complained of conduct related to things that had occurred prior to the Plan's formation and was "independent of the Plan." at *5-8. The Meznarich court itself, while citing the three categories from Coyne, also cited that the claims raised "implicate[ ] the traditional ERISA plan entities." Id. at 7. Plainly, the Meznarich court appears to have taken a case-by-case approach determining whether or not the indemnification or contribution claims were preempted based on the relationships of the parties and when the complained of acts took place prior to a plan being instituted or after its institution. This is true in the Aetna case from the Northern District of Illinois as well, wherein that court found that "ERISA does sometimes preempt claims for which the statute itself provides no remedy . . . [b]ut those situations,

unlike the current one, closely implicate ERISA relationships."
<u>Aetna</u>, 173 F.R.D. at 239.

This case is more closely related to the United States District Court for the District of Minnesota's case, <u>Ronglien</u>, wherein the court found that an employer's state-law claims were preempted because the claims would impact a term of the collective bargaining agreement. <u>Ronglien</u>, at *5. The plaintiff in that case had claimed that because of a course of dealing between the parties, terms of the collective bargaining agreement had been impacted. <u>Id.</u> This claim, because of its possible impact on the collective bargaining agreement, was found to be preempted. <u>Id.</u>

The Browns have made similar arguments in this case and this Court has found in this order that the Browns' course of dealing argument fails. As the course of dealing argument fails, the Browns therefore would also not be able to seek condemnation or indemnification based on such an argument.

Moreover, the relationship of the Browns to the Ohio Fund implicates the collective bargaining agreement and what the terms of that agreement are and were at the time of the alleged misplaced contributions. The Browns have only argued that because of a course of dealing, the plaintiffs and the Ohio Fund had agreed to different terms then those previously agreed upon. Thus, because of the relationship between the Browns and the other parties, this

Court must find that the Browns' indemnification and contribution claims are preempted in this action.

This Court also notes that it is not alone in finding claims for indemnification and contribution by a non-fiduciary against a fiduciary preempted. <u>North Carolina Life and Acc. and Health Ins. Guar. Ass'n v. Alcatel, et al.</u>, 876 F. Supp. 748, (E.D. N.C. 1995) (finding that ERISA created "neither an express nor an implied right to indemnification between a plan fiduciary and a non-fiduciary and . . . doubts that any claim for indemnification or contribution should be read into ERISA"); <u>see also</u> <u>Travelers Cas. and Sur. Co. of America v. IADA Services, Inc.</u>, 497 F.3d 862, 864-868 (8th Cir. 2007) (finding that state common-law claims of indemnification and contribution were preempted as ERISA has a strong presumption against creating additional remedies); <u>Kim v. Fujikawa</u>, 871 F.2d 1427, 1432-33 (9th Cir. 1989) (finding that contribution was not an accessible remedy and was preempted as a claim for a breaching fiduciary); <u>NARDA, Inc. v. Rhode Island Hosp. Trust Nat. Bank</u>, 744 F. Supp. 685, 697 (D. Md. 1990) ("It thus appears that the failure to include the rights of contribution and indemnity in ERISA was intended by Congress and the omission of those rights is not an unaddressed detail or gap to be filled by a federal common law."); <u>Fedex Corp. v. Northern Trust Co.</u>, No. 08-2827, 2010 WL 2836345, at *3-4 (W.D. Tenn. July 16, 2010)

(finding that one co-fiduciary may not bring a contribution claim against another co-fiduciary as such claims are preempted).

As such, there are no claims in the Browns' third-party complaint upon which relief may be granted and this Court must grant the third-party defendant's motion to dismiss.

V. <u>Conclusion</u>

Based on the analysis above, this Court finds that the third-party defendant's motion to dismiss is GRANTED. Accordingly, the third-party complaint is DISMISSED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 15, 2015


<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE